IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES HOPSON, #411326 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-14-2392 |
| | * | |
| JUDGE TIMOTHY DOORY | | |
| JUDICIAL ASSISTANT TINA | | |
| JUDGE'S LAW CLERK JOHN | * | |
| Defendants. | | |
| | ***** | |

MEMORANDUM

On July 24, 2014, the court received for filing this self-represented 42 U.S.C. § 1983 civil rights action submitted by Charles Hopson ("Hopson"), a state inmate confined at the Maryland Correctional Institution in Jessup. Hopson claims that at a May 21, 2014, modification hearing held before Baltimore City Circuit Court Judge Timothy Doory he was awarded one year and 27 days credit from February 14, 2013. He contends, however, that only 27 days was "credit [sic] into the system," reflecting a partial award of credit pursuant to Judge Doory's order. Hopson alleges that when Judge Doory, his assistant, and his law clerk were notified of the error, they refused to make the corrections. ECF No. 1. He asks that his sentence be vacated, he be given full credit, monetary compensation for lost wages, and that Judge Doory's assistant be disciplined. Because he appears indigent, Hopson's motion for leave to proceed in forma pauperis shall be granted. For reasons to follow, however, the complaint shall be dismissed as frivolous.

To the extent Hopson seeks damages against defendants, the court finds that they are immune from liability. With respect to Judge Doory, judicial immunity attaches even if the act in question was in excess of his authority. *See Mireles v. Waco,* 502 U.S. 9, 12-13 (1991). Likewise, judicial law clerks and assistants are also entitled to absolute judicial immunity "when assisting the judge in carrying out the former's judicial functions." *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir.

1991); *see also Oliva v. Heller,* 839 F.2d 37, 40 (2d Cir. 1988).  Absolute immunity "applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function." *Sindram v. Suda,* 986 F.2d 1459, 1461 (D.C. Cir. 1993) (internal quotation marks omitted).  This formulation "enables the immunity to operate where the need for liability in damages is low and the need for a backstop to judicial immunity high." *Id.*  An action for damages against a clerk is "not necessary to control unconstitutional conduct in light of the numerous safeguards that are built into the judicial process, especially the correctability of error on appeal." *Id.* (internal quotation marks omitted).[1]

The in forma pauperis statute authorizes district courts to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because Hopson is proceeding in forma pauperis, the court must conduct a sua sponte screening of his complaint.  It must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  The § 1983 action is subject to dismissal.

Further, to the extent that Hopson is seeking enforcement of Judge Doory's modification to his state sentence, his action shall alternatively be construed as a hybrid petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  A § 2241 petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).  It does not appear that

---

[1] Insofar as Hopson may be claiming that defendants were negligent, he is not entitled to relief under 42 U.S.C. § 1983 (2000). *Pink v. Lester,* 52 F.3d 73, 74-75 (4th Cir. 1995).

Hopson has exhausted his state court remedies as to his challenge to the implementation of Judge Doory's May 21, 2014 ruling. Therefore, any attempt to seek habeas relief must be dismissed for the failure to exhaust available state court remedies.[2]  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973).  Because Hopson has not exhausted his remedies, his petition for habeas corpus shall be dismissed without prejudice.  The court declines to issue a certificate of appealability.  A separate Order follows.


Date:  August 8, 2014                             /s/
                                                James K. Bredar
                                                United States District Judge

---

[2] According to the Maryland judiciary website, Hopson entered guilty pleas to drug charges on January 23, 2013, and was sentenced to two concurrent terms of ten years.  On May 21, 2014, his sentence was modified to reflect a start date of December 18, 2012.  *See State v. Hopson*, Case Number 211199033 (Circuit Court for Baltimore City).  It may therefore be that Hopson received the credit he claims he was denied.